UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Korei J. Bull, *aka* Korie Bull, ) | C/A No. 4:09-562-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| S.C. Dept Probation, Parole-Pardon; Olsten Staffing Services; ) | |
| S.C. Employment Security Commission; S.C. Dept. of ) | |
| Revenue; Dean Foods; Pet Dairy *aka* Land-O-Sun; Florence ) | |
| County Sheriff's Dept; Darlington Police Dept; Hartsville Oil ) | |
| Mill; So Lina Auction;  Darlington Veneer Company; ) | |
| Darlington County Sheriff's Dept; McCleod Regional ) | |
| Medical Center; Holmes Bonding Company; Center Baptist ) | |
| Church, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Korei J. Bull[1] ("Plaintiff"), proceeding *pro se*, files this action *in forma pauperis* under 28 U.S.C. § 1915.[2] The complaint names several government and private entities as defendants, but fails to state specific allegations against any of the defendants. Plaintiff only seeks injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of

---

[1] A newspaper article in the Florence newspaper, Morning News, on March 25, 2009, reported an incident which resulted in the death of Korei Bull of 1438 S. Center Road, Darlington, which is the address of the plaintiff.  Thus, the plaintiff may be deceased.  This report recommending dismissal is submitted because the Court has not been officially notified that the plaintiff is deceased.

[2] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which

the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Discussion

The complaint in this case fails to meet the pleading requirements established by law. The United States Supreme Court in *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), emphasizes that:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

In *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007), the Supreme Court further explains that a complaint requires pleading "enough facts to state a claim to relief that is plausible on its face." *Twombley* also instructs "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65.

The complaint in the current case is a rambling discourse of apparently unrelated events. No legal claim can be discerned from the factual information presented in the complaint. For example, the complaint begins with the following:

> Thus on March 5, 2008 the respondent S.C. Department of Probation, Parole, & Pardon Services did do during DNA testing created an environment of incarceration, murder, etc through speech as on March 18, 2008 the respondent Olsten Staffing Services Debra did do on this date with co-defendants planted the seed for the

> kidnapping (incarceration) through SLED catch background search which disqualified me from employment at Johnson Controls from a domestic violence (no conviction) dated August 9, 2005 which attract these vibrations to the kidnapping of the spirit...."

Complaint at 6. The complaint continues with thirteen pages of single spaced typed information that is similarly presented. Plaintiff fails to meet his obligation to present the grounds for his entitlement to relief. The complaint fails to give any of the defendants notice of what claim Plaintiff is making against them. Thus, the complaint fails to state a claim upon which relief may be granted and this action should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint without prejudice.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

April 13, 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).